IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                                CASE NO. 5:18-CR-50023

MARIA ESTHER CARRILLO-VARELAS                                        DEFENDANT

**OPINION AND ORDER**

Currently before the Court is Defendant Maria Esther Carrillo-Varelas's Motion for Compassionate Release (Doc. 132). The Court directed the Government to file a response, and the Government did so. (Doc. 137). Having reviewed these filings, the Court **DENIES** the motion for the reasons explained below.

**I. BACKGROUND**

Ms. Carrillo-Varelas pleaded guilty to one count of distribution of more than 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (a)(1)(A)(viii) on October 5, 2018. (Doc. 72). The Court sentenced her to a 180-month term of imprisonment with a 5-year term of supervised release and a $600 financial penalty. (Doc. 72). Ms. Carrillo-Varelas is 64 years old and is incarcerated at Aliceville Federal Correctional Institute with a projected release date of November 27, 2030. *See* Fed. Bureau of Prisons, Inmates, http://www.bop.gov/inmateloc/ (last accessed October 7, 2021).[1] She has served approximately 36 months of her 180-month sentence and now moves for compassionate early release under 18 U.S.C. § 3582(c)(1) due to the COVID-19 pandemic. She argues that her advanced age and medical conditions, including

---

[1] Upon her release, it is anticipated that Ms. Carrillo-Varelas will be deported by Immigration and Customs Enforcement. (Doc. 72).

1

hypertension, asthma, and diabetes, render her more susceptible to hospitalization or death if she were to contract COVID-19. Her medical records have been uploaded to the docket, and she has provided the Court with proof of the medications she currently takes. *See* Doc. 132-1.

## II. LEGAL STANDARD

Inmates are permitted to seek sentence reductions directly from the sentencing court under the First Step Act of 2018 ("FSA") "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the threshold requirement is satisfied, the Court may grant a defendant's sentence reduction motion "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Guidelines ("U.S.S.G.") explains what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). Under Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13, the defendant's medical condition may provide extraordinary and compelling reasons for a sentence reduction if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has neither updated nor adopted a new policy statement since the FSA was

2

enacted, the U.S.S.G.'s policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Ms. Carrillo-Varelas's Motion is dependent on whether she: (1) fully exhausted her administrative right to appeal the BOP's failure to bring a motion for early release; or (2) allowed 30 days to lapse since the warden received her request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). She submitted proof that she requested compassionate early release from her warden on or about May 17, 2021, which is more than 30 days prior to the date she filed her Motion for Compassionate Release. *See* Doc. 132-1, p. 2. The Government agrees she has exhausted her administrative remedies. Therefore, the Court finds Ms. Carrillo-Varelas has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Circumstances

Ms. Carrillo-Varelas's argument for compassionate release relies upon her risk of contracting COVID-19 and becoming gravely ill due to her pre-existing medical diagnoses of hypertension, asthma, and diabetes. Courts agree that the risk of COVID-19 infection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *See, e.g., United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020). Additionally, Ms. Carrillo-Varelas received both doses of the COVID-19 vaccine produced by Moderna. (Doc. 138, p. 33). According to the

3

Centers for Disease Control and Prevention ("CDC"), COVID-19 vaccines protect people from severe illness and significantly reduce the likelihood of hospitalization and death. *See* CDC, The Possibility of COVID-19 After Vaccination: Breakthrough Infections, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed October 8, 2021). Furthermore, the Moderna-produced vaccine is 94.1% effective at preventing COVID-19 infections in people who have received both doses. *See* CDC, Moderna COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last accessed October 8, 2019). The vaccine minimizes Ms. Carrillo-Varelas's risk of contracting the virus, and the potential for serious illness is negligible.

As for her medical conditions, Ms. Carrillo-Varelas has failed to demonstrate that they render her unable to provide self-care within her correctional facility. She appears to be able to independently attend to her activities of daily life despite these conditions. *See* Doc. 132-1, p. 2. Moreover, her medical records show that her conditions are adequately controlled with medication. Since there are no extraordinary and compelling circumstances that justify compassionate early release, there is no need to address the Section 3553(a) factors.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Maria Esther Carrillo-Varelas's Motion for Compassionate Release (Doc. 132) is **DENIED**.

4

**IT IS SO ORDERED** on this 12th day of October, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE